IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Curtis G. Killian, | ) | |
| | ) | Civil Action No. 8:14-1078-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| City of Abbeville, | ) | |
| Patrick Neil Henderson, | ) | |
| Nolan Wiggins, and | ) | |
| David E. McCuen, IV, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, Curtis G. Killian ("Killian"), filed this action asserting claims of retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, defamation against the City of Abbeville, and a claim of civil conspiracy against the individual defendants. (ECF No. 1). On April 29, 2014, the City of Abbeville, David E. McCuen, IV ("McCuen"), and David Wiggins ("Wiggins") filed a motion to dismiss the civil conspiracy claim. (ECF No. 7). On August 6, 2014, Patrick Neil Henderson ("Henderson") filed a similar motion. (ECF No. 26). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., these motions were referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court to grant the motions to dismiss filed by the defendants. (ECF No. 38). Killian has filed objections. (ECF No. 47).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the

1

absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## I.  Background

According to the complaint, Killian, a white male, was employed as a police officer in the City of Abbeville Police Department for approximately thirteen years.  In August 2011, he complained to his police captain that Henderson, the police chief, had made racist remarks about minority groups and sexist remarks about women in his presence, and he also indicated to his police captain that those remarks had affected the workplace.  Killian was unsatisfied with his police captain's response and immediately approached an Abbeville City Councilman to discuss Police Chief Henderson.

Within days after making his complaints, Killian's wife unexpectedly passed away.  He took one week of bereavement leave.  During that week, he contacted McCuen, the assistant manager for the City of Abbeville, seeking an additional week of bereavement leave.  McCuen placed Killian on administrative leave until he completed grief therapy and counseling.  Killian then complained to Wiggins, the city manager, arguing that other officers were not required to go through unpaid mandatory therapy.  Wiggins determined that Killian needed to go through therapy but that the City of Abbeville should pay for his leave time.

Killian missed six weeks of work to complete therapy.  During his time away from work, he alleged that he was advised that Henderson and others were planning to terminate his employment or force him to resign spreading false and malicious rumors about him, and having an officer print his Facebook information.  After he completed therapy, Killian tried to return to

2

work but was instructed that he could not return without approval by McCuen.   Shortly thereafter, Killian's police captain informed him that he was being demoted from lieutenant detective over an investigation, and that he was being assigned to a patrol shift under the supervision of an officer with less experience.   Killian alleges he was routinely harassed and subject to retaliatory treatment, and that he continued to complain to his superiors and to the city councilman.   Eventually, Killian was placed on administrative leave because of a SLED investigation into his alleged wrongdoings.   About a month later, his employment was terminated.  This lawsuit ensued.

## II.  Legal Standard

Under the federal rules, each pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).   Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim should be dismissed when the complaint fails to allege facts upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff."   *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993).

In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly,* 550 U.S. 544, 570 (2007)). And, for a claim to have facial plausibility, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556).

## III. Discussion

3

Killian has filed three general objections.  (ECF No. 47).  First, he asserts that his at-will employment status does not preclude him from maintaining a civil conspiracy action against the individual defendants.  (ECF No. 47 at 2).  With regard to this objection, Killian claims that his civil conspiracy claim does not arise out of his termination, and that the defendants were acting outside the scope of their employment when they ostracized, isolated, and black-listed him. (ECF No. 47 at 3-5).  Second, he claims that the magistrate judge erred in finding that he failed to allege separate and independent acts in furtherance of the conspiracy.  (ECF No. 47 at 6). Third, Killian claims that he did allege special damages.  (ECF No. 47 at 6).

"A civil conspiracy is a combination of two or more persons joining for the purpose of injuring and causing special damage to the plaintiff." *McMillan v. Oconee Mem'l Hosp., Inc.,* 626 S.E.2d 884, 886 (S.C. 2006).  To establish a civil conspiracy, a party must show: (1) a combination of two or more persons, (2) for the purpose of injuring the plaintiff, (3) which causes him special damage. *Vaught v. Waites,* 387 S.E.2d 91, 95 (S.C. Ct. App. 1989).  "The gravamen of the tort of civil conspiracy is the damage resulting to the plaintiff from an overt act done pursuant to a common design." *Cricket Cove Ventures, LLC v. Gilliand,* 701 S.E.2d 39, 46 (S.C. Ct. App. 2010).

"A claim for civil conspiracy must allege additional acts in furtherance of a conspiracy rather than reallege other claims within the complaint." *Hackworth v. Greywood at Hammett, LLC*, 682 S.E.2d 871, 874 (S.C. Ct. App. 2009) (citation omitted).  In addition, "because the quiddity of a civil conspiracy claim is the special damage resulting to the plaintiff, the damages alleged must go beyond the damages alleged in other causes of action." *Id.* (citing *Vaught*, 387 S.E.2d at 95).

"[A]n at-will employee may not maintain a civil conspiracy action against her employer" for actions resulting in termination. *Angus v. Burroughs & Chapin Co.*, 628 S.E.2d 261, 262 (S.C. 2006) (citing *Ross v. Life Ins. Co. of Va.*, 259 S.E.2d 814 (S.C. 1979)); *see also Faile v. Lancaster Cnty.*, No. 11-2206, 2013 WL 786447 at *5 (D.S.C.  Mar. 1, 2013) ("[A] civil conspiracy claim by an at-will employee against an employer *arising out of the employee's termination* is barred . . . ." (citations omitted)).

In *Faile*, the plaintiff was an employee of Lancaster County's EMS Department for over twenty years. *Id.* at *2.  In 2010, he filed a lawsuit pursuant to the Fair Labor Standards Act for unpaid overtime compensation. *Id.*  In 2011, his employment was terminated. *Id.* Prior to his termination, the plaintiff was charged with public disorderly conduct and harassment in the second degree. *Id.*  The alleged victim submitted a request to dismiss the warrant and terminate any prosecution. *Id.*  Thereafter, one of the defendants, a police officer, contacted the victim six times to try to convince him to press charges, and after the victim would not, the officer signed the warrant herself. *Id.*  The plaintiff's employer then used the pendency of the criminal charges to terminate his employment. *Id.*  He filed a lawsuit against Lancaster County and various individual defendants asserting malicious prosecution, abuse of process, and a civil conspiracy claim. *Id.* at *3.  The plaintiff asserted that his allegations of civil conspiracy are not limited to the termination of his employment and relate to the campaign engaged in by the defendants to have him terminated. *Id.* at *4.  The court found that the civil conspiracy claim related to the termination of his employment, and thus, the claim was barred because he was an at-will employee. *Id.* at *5.

Similar to in *Faile* where the plaintiff was terminated, in this case, Killian was terminated from employment.  Also analogous to *Faile* is how the individual defendants engaged in alleged

misconduct prior to terminating the plaintiff; here, the individual defendants allegedly engaged in misconduct prior to terminating Killian's employment too.    Moreover, Killian's civil conspiracy claim indicates that the individual defendants' alleged misconduct resulted in his termination from employment.  (ECF No. 1 at 11-12).  Therefore, the court finds that the claims asserted by Killian arise out of the termination of his employment with the police department.

Killian asserts that the decision in *Reed v. Aiken Cnty.*, No. 9-1744, 2010 WL 2985805 (D.S.C. July 26, 2010), supports his position that he can, as a former at-will employee, assert a civil conspiracy claim against his former employer and supervisors.  (ECF No. 47 at 3-4).  In that case, the plaintiff served as the tax assessor for Aiken County.  *Id.* at *1.  He resigned in 2007. *Id.*  His lawsuit claimed that he reported several problems to his superiors.  *Id.*  After filing the report, the individual defendants harassed and vilified him and created a hostile work environment, causing him to resign.  *Id.*    The court stated that the South Carolina cases addressing civil conspiracy of an at-will employee's termination "do not address whether an at-will employee may maintain a civil conspiracy based upon poor treatment that *allegedly leads to a resignation*."  *Id.* at *3 (emphasis added).  Although the court said that the case law does not "govern actions by employees based on harm other than termination such as isolation and ostracization," the court emphasized that the plaintiff was not terminated and that the behavior of the defendants led him to resign.  *Id.*

In this case, Killian was terminated.    Although his complaint asserts that he was ostracized and isolated, (ECF No. 47 at 11-12), that isolation and ostracization did not lead him to resign; instead, it led to him being terminated.  Thus, *Reed* is distinguishable from this case. In any event, the court finds *Reed* inapplicable because Killian has failed to plead separate and independent acts in furtherance of the conspiracy and special damages.

Killian relies on the same facts to assert his civil conspiracy claim as he does to assert his Title VII and defamation claims.  In his civil conspiracy claim, he states that the defendants harassed, isolated, ostracized, mistreated, falsely accused, and black-listed him.  (ECF No. 1 at 11-12).   His Title VII claim is based on retaliation, including him being targeted, demoted, harassed, and isolated by the defendants.  (ECF No. 1 at 9).   For his defamation claim, he asserted that the defendants published false statements throughout the community to harm his reputation and his ability to seek future employment.  (ECF No. 1 at 10).   He claims that personnel of the City of Abbeville made false statements to prospective employers to harm his ability to get a job.  (ECF No. 1 at 10).   Therefore, Killian merely "reallege[s] other claims within the complaint."  *Hackworth*, 682 S.E.2d at 874.

Similarly, Killian has failed to allege special damages resulting from the civil conspiracy. In his objections, he argues that the special damages are the "wrongful termination."  (ECF No. 47 at 6).  However, under South Carolina law, that is not a cognizable special damage for a civil conspiracy claim.  *See Angus*, 628 S.E.2d at 262 ("[A]n at-will employee may not maintain a civil conspiracy action against her employer" for actions resulting in termination. (citation omitted)).   Killian next claims that he suffered reputational and emotional damages from the alleged conspiracy.  (ECF No. 47 at 6).   However, again, this is the same harm alleged in his Title VII and defamation claims.  *See* (ECF No. 1 at 9 ("As a direct and proximate result of the defendants' retaliatory conduct against the Plaintiff, the Plaintiff has suffered both in his career and his reputation in the community."), at 11 ("As a direct and proximate result of the aforesaid defamation, Plaintiff's professional and personal reputation has been damaged . . . . Plaintiff has suffered emotional distress, mental anguish, humiliation, and embarrassment . . . .").

Killian claims his attorney's fees are special damages.  (ECF No. 47 at 7).  He states that *Benedict College v. Nat'l Credit Sys., Inc.*, 735 S.E.2d 518 (2012), provides that attorney's fees are special damages.  Because Killian seeks attorney's fees for his Title VII claim, *Benedict College* is irrelevant.  *See* 42 U.S.C. § 2000e-5(k) ("In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person."); *Hackworth*, 682 S.E.2d at 874 ("[T]he damages alleged must go beyond the damages alleged in other causes of action.").  Moreover, he prays for "costs and fees associated with this action" in his prayer for relief, (ECF No. 1 at 13), which is the same special damages sought in the civil conspiracy claim.  *See Hackworth*, 682 S.E.2d at 875 ("If a plaintiff merely repeats the damages from another claim instead of specifically listing special damages as part of their civil conspiracy claim, their conspiracy claim should be dismissed.").

In any event, *Benedict College* is inapplicable here.  In that case, the defendant asserted a breach of contract and civil conspiracy counterclaim against the plaintiff.  735 S.E.2d at 520.  Under the conspiracy claim, the defendant sought to receive the costs associated with the defense of plaintiff's allegations.  *Id.* at 522.  In the breach of contract claim, the defendant sought consequential damages.  *Id.*  The court stated that "while the contract claim could be construed to seek the costs and attorney's fees [the defendant] incurred to prosecute the [plaintiff's] alleged breaches [of the contract], it could not be construed to seek the costs and fees [the defendant] incurred in defending against the [plaintiff's] claims."  *Id.*  In this case, Killian has sought attorney's fees in his other claims.  He is also a plaintiff, not the defendant, and he has not demonstrated how these attorney's fees are any different than the rest of the attorney's fees his

8

complaint seeks or that any other litigant incurs. *See AJH Holdings LLC v. Dunn*, 708 S.E.2d 218, 223 (S.C. Ct. App. 2011) ("Every litigant represented by a lawyer incurs attorney's fees and costs."). Therefore, the court finds that Killian has failed to plead specific damages.

## IV. Conclusion

In sum, the court finds that the Report's analysis is thorough and accurate and, therefore, adopts the Report and incorporates it herein in its entirety. Accordingly, the defendants' motions to dismiss (ECF Nos. 7, 26) are **GRANTED**, and the civil conspiracy claim in the complaint is dismissed.

**IT IS SO ORDERED.**

s/Timothy M. Cain _____
United States District Judge

March 6, 2015
Anderson, South Carolina

9